IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DARRELL GLENN WALES | § | |
| VS. | § | CIVIL ACTION NO. 1:08cv384 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM OPINION AND ORDER</u>

Petitioner Darrell Glenn Wales, an inmate confined in the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

<u>Discussion</u>

On June 7, 2005, in the 163rd Judicial District Court of Orange County, Texas, following a trial by jury, petitioner was convicted of four counts of aggravated sexual assault. Petitioner was sentenced to a term of seventy-five years imprisonment on each count, to run concurrently.

Petitioner appealed his convictions to the Ninth Court of Appeals of Texas. On March 28, 2007, the judgment of the trial court was affirmed. *Wales v. State*, No. 09-05-314 CR (Tex.App.-Beaumont 2007). Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

Petitioner filed a state application for writ of habeas corpus on March 27, 2008. On June 25, 2008, the Texas Court of Criminal Appeals denied the application without written order.

<u>The Petition</u>

Petitioner brings this petition asserting the following grounds: (1) his conviction is based on a coerced confession which was the product of improper influence; (2) he was denied counsel

during questioning; and (3) he was denied effective assistance of counsel during the suppression hearing.

## The Response

The respondent has filed a response to the court's order to show cause why relief should not be granted.  The respondent contends that petitioner has failed to meet his burden of proof under the AEDPA, petitioner's claims are without merit, and petitioner has failed to show that the state habeas court's denial of relief was objectively unreasonable.  The respondent contends that the petition should be denied.

## Standard of Review

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254 was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), signed into law on April 24, 1996.  The new provisions, in part, prohibit a petitioner from relitigating issues that were adjudicated on the merits in State court proceedings, with two exceptions.  28 U.S.C. § 2254(d).  The first exception allows a petitioner to raise issues previously litigated in the state court in federal habeas proceedings if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  The second exception permits relitigation if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28

2

U.S.C. § 2254(d)(2).  Federal habeas relief from a state court's determination that a claim lacks merit is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision."  *Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011).

A determination of a factual issue made by a state court shall be presumed to be correct upon federal habeas review of the same claim.  The petitioner shall have the burden of rebutting the presumption by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).

"[A] federal court is not to substitute its judgment for that of the state court.  Rather under AEDPA, federal habeas relief is proper only if the state habeas court applied federal law in an 'objectively unreasonable' manner."  *Schaetzle v. Cockrell,* 343 F.3d 440, 447 (5th Cir. 2003).  Moreover, "a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision."  *Summers v. Dretke,* 431 F.3d 861, 868 (5th Cir. 2005) (quoting *Pondexter v. Dretke,* 346 F.3d 142, 148 (5th Cir. 2003)); *Neal v. Puckett,* 286 F.3d 230, 246 (5th Cir.2002) (per curiam) (en banc).  When the Texas Court of Criminal Appeals denies a habeas petition without written order on findings of the trial court, this court "(1) assumes that the state court applied the proper 'clearly established Federal law'; and (2) then determines whether its decision was 'contrary to' or 'an objectively unreasonable application of' that law."  *Schaetzle,* 343 F.3d at 443 (citing *Catalan v. Cockrell,* 315 F.3d 491, 493 & n. 3 (5th Cir. 2002); *Robertson v. Cain,* 324 F.3d 297, 303 (5th Cir. 2003)).

<u>Analysis</u>

I.      *Coerced Confession and Denial of Counsel*

In his first two grounds, petitioner claims his conviction is based on a coerced confession which was the product of improper influence and he was denied counsel during questioning.

3

The procedural safeguards set forth in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), "protect an accused's Fifth Amendment privilege against self-incrimination during custodial interrogation." *Gachot v. Stalder,* 298 F.3d 414, 418 (5th Cir.2002) (internal citation omitted).   A valid waiver of the right to remain silent under *Miranda* has the following two elements: "(1) the relinquishment of the right must be 'voluntary in the sense that it was the product of a free and deliberate choice'; and (2) the waiver must be made with 'full awareness of the right being abandoned' and the consequences of doing so." *Soffar v. Cockrell,* 300 F.3d 588, 592 (5th Cir.2002) (en banc) (quoting *Moran v. Burbine,* 475 U.S. 412, 421, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986)).   "Failure to administer *Miranda* warnings creates a presumption of compulsion." *Oregon v. Elstad,* 470 U.S. 298, 307, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985).

On direct appeal, the Ninth Court of Appeals held the following:

> Wales asserts that the trial court erred in denying the motion to suppress his statement.  Wales argues his written statement was involuntary for these reasons:  (1) he was under the influence of drugs when he gave the statement; (2) the investigating officer represented to  him that the victim's statement had already been taken; and (3) in return for giving his statement, he would not be arrested.  Wales claims that he was not aware of the consequences of waiving his rights.[1]

> At the suppression hearing, the State introduced Wales's written statement dated September 3, 2004.  The first page includes Wales's name, address, and date of birth, as well as his initials by each of the individual Miranda warnings.  Wales's signature is also found at the bottom of the page where he acknowledged that he waived certain rights and that his statement had been given of his own free will and without persuasion by any person.  The second page consists of Wales's sworn account of the pertinent facts.

> Although Wales testified at the hearing that he was under the influence of drugs when he made the statement, he admitted that he did not so advise the

---

[1]  At the hearing on his motion to suppress, Wales addressed his written statement but not the audiotape of his interview made at the same time.  At trial, the State introduced the audiotape without objection.  Wales also fails to mention the audiotape in his brief.

4

investigating officer.  Wales also acknowledged that he failed to complain of any
duress after being informed of his right to remain silent.  The investigating officer
testified that Wales "did not appear to be intoxicated in any shape, form of fashion."
The officer also testified about a phone call he received from a person claiming to be
Wales's friend.  After the officer told the caller that there were no warrants for
Wales's arrest and that he would like to speak to Wales, the caller identified himself
as Wales and offered to voluntarily come to the station and talk to the officer.  The
officer further stated that he was not attempting to coerce a statement from Wales.
Wales testified that after this telephone conversation he went to the police station,
gave a statement, and then left.

   The trial court is the sole judge of the weight and credibility of the evidence
at a hearing of a defendant's motion to suppress evidence.  *Wood v. State*, 18 S.W.3d
642, 646 (Tex.Crim.App. 2000); *Alvarado v. State*, 912 S.W.2d 199, 211
(Tex.Crim.App. 1995).  Almost total deference is afforded to the trial judge on his
resolution of credibility questions.  *Guzman v. State*, 955 S.W.2d 85, 89
(Tex.Crim.App. 1997).  Absent a clear abuse of discretion, the trial court's findings
may not be disturbed on appeal.  *Alvarado*, 912 S.W.2d at 211.  When, as here, the
trial judge does not enter findings of fact explaining the basis of his ruling that denied
the motion to suppress; and, where neither party timely requested findings and
conclusions from the trial court, we imply any necessary finding to support the trial
court's ruling when the evidence, viewed in the light most favorable to the trial
court's ruling, supports the implied finding.  *State v. Kelly*, 204 S.W.3d 808, 819
(Tex.Crim.App. 2006).  Generally, we review the trial court's legal ruling *de novo*.
*Id.*

   Wales initiated contact with the investigating officer and voluntarily traveled
to the police station to discuss his cases.  According to the officer's testimony, Wales
received Miranda warnings prior to discussing the case and again before he signed
his written statement. The warnings about the consequences of providing a statement
are included on the same document as Wales's written statement.  Since it was within
the trial court's discretion to believe the officer's testimony regarding the
circumstances under which Wales gave his statement, the trial court did not abuse its
discretion in denying Wales's motion to suppress.  *See Alvarado*, 912 S.W.2d at 211.
Wales's first issue is overruled.

*Wales v. State*, slip op. at 3-6 (footnote in original).

   Typically, when the Texas Court of Criminal Appeals denies a habeas petition without

written opinion, as here, it is an adjudication on the merits, which is entitled to a presumption of

correctness.  *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943

S.W.2d 469, 472 (Tex.  Crim.  App.  1997).  In such situation, the federal court "(1) assumes that the state court applied the proper 'clearly established Federal law'; and (2) then determines whether its decision was 'contrary to' or 'an objectively unreasonable application of' that law."  *Schaetzle,* 343 F.3d at 443.

Here, petitioner received the requisite *Miranda* warnings more than once, and petitioner understood his rights and voluntarily waived such rights.  Further, petitioner's question "Shouldn't I have counsel?" is insufficient constitute a clear invocation of the right to counsel.  *See United States v. Montes*, 602 F.3d 381, 385 (5th Cir. 2010) ("Maybe I should get an attorney" or "Do I need an attorney?" did not clearly invoke defendant's right to counsel); *Soffar v. Cockrell*, 300 F.3d 588, 595 (5th Cir. 2002).  Thus, petitioner has failed to show his waiver was involuntary and, as a result, he has failed to show he was denied counsel during questioning.  Accordingly, petitioner's grounds for review are without merit.

Petitioner has failed to satisfy his burden with respect to his claims that his confession was coerced and he was denied counsel during questioning by showing that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Therefore, petitioner's grounds for review above should be denied.

## II.    Ineffective Assistance of Counsel

In his remaining ground for review, petitioner contends he was denied effective assistance of counsel during the suppression hearing.  Petitioner claims counsel's strategy was to suppress both

6

the written and recorded statements but failed to mention the audio recording during the suppression

hearing.  Petitioner also complains counsel failed to pursue the alleged denial of counsel during

questioning.

When addressing the issue of what a petitioner must prove to demonstrate an actual

ineffective assistance of counsel claim, courts look to the standard set forth in *Strickland v.*

*Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984).  *See United States v. Grammas*, 376 F.3d 433,

436 (5th Cir. 2004).  In order to show that counsel was ineffective a petitioner must demonstrate:

> first... that counsel's performance was deficient. This requires showing that counsel
> made errors so serious that counsel was not functioning as the "counsel" guaranteed
> the defendant by the Sixth Amendment. Second, the defendant must show that the
> deficient performance prejudiced the defense. This requires showing that counsel's
> errors were so serious as to deprive the defendant of a fair trial, a trial whose result
> is reliable. Unless a defendant makes both showings it cannot be said that the
> conviction or death sentence resulted in a breakdown of the adversarial process that
> renders the result unreliable.

*Strickland,* 466 U.S. at 687.  In order to prove the prejudice prong, a petitioner "must show that there

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different."  *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009).  "*Strickland*

asks whether it is 'reasonably likely' the result would have been different." *Richter*, 131 S.Ct. at 792.

A habeas petitioner must "affirmatively prove," not just allege, prejudice.  *Day,* 556 F.3d at

536.  If a petitioner fails to prove the prejudice part of the test, the court need not address the

question of counsel's performance.  *Id.*  A reviewing court "must strongly presume that trial counsel

rendered adequate assistance and that the challenged conduct was the product of a reasoned trial

strategy."  *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992).  In determining the merits of

an alleged Sixth Amendment violation, a court "must be highly deferential" to counsel's conduct. *Strickland,* 466 U.S. at 687.

Whether the representation was deficient is determined as measured against an objective standard of reasonableness. *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)). "There is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Woodward v. Epps*, 580 F.3d 318, 329 (5th Cir. 2009) (quoting *Romero v. Lynaugh*, 884 F.2d 871 876 (5th Cir. 1989)).

As set forth above, petitioner's question to the investigating officer of whether he needed counsel was insufficient to invoke petitioner's right to counsel. As petitioner was not entitled to counsel, there was no reason for counsel to attempt to suppress petitioner's statement. Accordingly, counsel's performance was not deficient for failing to raise a meritless objection. *See Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994). Strategic decisions made by counsel during the course of trial are entitled to substantial deference in the hindsight of federal habeas review. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052 (emphasizing that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight"). A federal habeas corpus court may not find ineffective assistance of counsel merely because it disagrees with counsel's chosen trial strategy. *Crane v. Johnson,* 178 F.3d 309, 312 (5th Cir. 1999). Accordingly, the claim is without merit.

Petitioner has failed to show that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Therefore, petitioner's claims should be denied.

Furthermore, the petitioner is not entitled to the issuance of a certificate of appealability.  An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability.  *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b).  The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right.  *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982).  In making that substantial showing, the petitioner need not establish that he should prevail on the merits.  Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further.  *See Slack*, 529 U.S. at 483-84.  Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination.  *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason.  The factual and legal questions advanced by the petitioner are not novel and have been consistently resolved adversely to his position.  In addition, the questions

9

presented are not worthy of encouragement to proceed further.  Therefore, the petitioner has failed

to make a sufficient showing to merit the issuance of a certificate of appealability.  Accordingly, a

certificate of appealability shall not be issued.

<u>ORDER</u>

For the reasons set forth above, petitioner's claims are without merit and should be denied.

Accordingly, this petition for writ of habeas corpus should be denied.  A final judgment will be

entered denying the petition in accordance with this memorandum.  A certificate of appealability

shall not issue.

**SIGNED** this the 9  day of **September, 2011.**


Thad Heartfield
United States District Judge